IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Lillie M. Middlebrooks,         )
                                )
     Plaintiff,                 )
                                )
        v.                      )
                                )   1:10cv653 (JCC)
St. Coletta of Greater          )
Washington, Inc.,               )
                                )
     Defendant.                 )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on defendant St. Coletta of Greater Washington, Inc.'s Motion to Dismiss [Dkt. 4.] Counts I, V, and VI of plaintiff Lillie M. Middlebrooks's Complaint [Dkt. 1.] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court will grant Defendant's Motion to Dismiss.

**I.  Background**

A.  Background

According to her Complaint, plaintiff Lillie M. Middlebrooks ("Plaintiff") was employed by defendant St. Coletta of Greater Washington, Inc. ("Defendant"), from March 9, 2009, to June 25, 2009.  (Compl. ¶ 10.)  Defendant is a non-sectarian, non-profit organization that operates school and adult day programs for children and adults with cognitive disabilities and

1

autism. (Compl. ¶ 9.) Defendant employed Plaintiff as a School Nurse. (Compl. ¶ 10.) Beginning on May 1, 2009, Plaintiff participated in medical and dental benefits plans Defendant offered to its employees through policies with third-party insurers, namely a CareFirst Blue Choice HMO and a MetLife dental program (collectively, the "Plans"). (Compl. ¶¶ 19-20.) Defendant served as the plan administrator. (Compl. ¶ 36.) Upon submitting her application for medical and dental insurance coverage, Plaintiff requested a summary of the Plans' benefits. (Compl. ¶ 15.) Defendant terminated Plaintiff's employment on June 25, 2009. (Compl. ¶ 29.)

On July 10, 2009, Plaintiff filed suit against Defendant in the United States District Court for the District of Columbia alleging employment discrimination (the "2009 Lawsuit"). (Compl. ¶¶ 32.) Plaintiff's complaint was dismissed for failure to comply with that court's discovery orders. [Dkt. 6 at 2.] Plaintiff appealed the dismissal to the United States Court of Appeals for the District of Columbia Circuit. (Compl. ¶¶ 33.)

B. Procedural Background

On June 11, 2010, Plaintiff filed a six-count complaint (the "Complaint") with this Court, alleging various violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*, and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161-69. [Dkt.

1.] On July 14, 2010, Defendant filed a Motion to Dismiss Counts I, V, VI of Plaintiff's Complaint with this Court. [Dkt. 4.] On July 30, 2010, Plaintiff filed her Opposition to Defendant's Motion to Dismiss (the "Opposition"). [Dkt. 12.] Defendant filed a Reply in Further Support of its Motion to Dismiss (the "Reply") on August 4, 2010. [Dkt. 13.] Defendant's Motion to Dismiss is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In deciding such a motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by

factual allegations that "raise a right to relief above the speculative level." *Id.* at 1965. In its recent decision, *Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating a two-pronged analytical approach to be followed in any Rule 12(b)(6) analysis. First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. In other words, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis

Defendant argues Counts I, V, and VI of Plaintiff's Complaint each fail to state a claim upon which relief can be granted under ERISA. The Court will address each count in turn.

A.  Count I

Count I of Plaintiff's Complaint contains two separate allegations, both arguing failures to provide her a summary plan description ("SPD"), in violation of ERISA sections 606(a)(1) and 502(c)(1)(A) and (B).  29 U.S.C. §§ 1166(a)(1), 1132(c)(1)(A)-(B).  First, Plaintiff alleges Defendant "failed to provide the Plaintiff with a copy of the [SPD] of [Defendant's] group health plan upon the Plaintiff's request."  (Compl. ¶ 50.)  Second, Plaintiff alleges Defendant "failed to provide the Plaintiff with a copy of the [SPD] of [Defendant's] group health plan upon the commencement of the Plaintiffs medical coverage and . . . dental coverage."  (Compl. ¶ 51.)  The Court will address each of these allegations in turn.

As an initial matter, Plaintiff alleges in Count I that when it did not provide Plaintiff with an SPD upon her request, Defendant violated ERISA sections 606(a)(1) and 502(c)(1)(A).  29 U.S.C. §§ 1166(a)(1), 1132(c)(1)(A).  Section 606(a)(1), however, pertains to requirements for providing notice of the availability of COBRA continuation coverage and not to SPD disclosure requirements.  29 U.S.C. § 1166(a)(1).  Section 502(c)(1)(A) provides the statutory penalty for failure by an administrator automatically to provide notice of COBRA continuation coverage rights, transfer of excess pension assets, defined benefit plan

funding, and pension benefit statements, and likewise does not apply to SPD disclosure requirements. 29 U.S.C. § 1132(c)(1)(A). Because these two sections do not pertain to requests for copies of SPDs, the subject of Count I of Plaintiff's Complaint, Plaintiff fails to state a claim upon which relief can be granted under ERISA sections 606(a)(1) and 502(c)(1)(A). The Court now turns to Plaintiff's claim that Defendant violated the requirements of ERISA section 502(c)(1)(B) by not providing her an SPD upon her request. 29 U.S.C. § 1132(c)(1)(B).

### 1. Failure to Provide a Summary Plan Description Upon Plaintiff's Request

The question before the Court is whether Plaintiff must allege that Defendant failed to provide her with a copy of the SPD upon her written request. ERISA section 502(c)(1)(B) imposes civil liability on any plan administrator "who fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant." 29 U.S.C. § 1132(c)(1)(B). An administrator's obligation to furnish SPDs upon request is provided in ERISA section 104(b)(4). 29 U.S.C. § 1024(b)(4). Section 104(b)(4) provides that "[t]he administrator shall, upon *written request* of any participant or beneficiary, furnish a copy of the latest updated [SPD]." *Id.* (emphasis added). The effect of sections 502(c)(1)(B) and 104(b)(4) is to create statutory liability when, and only when, a plan administrator fails to provide an SPD upon

6

written request. *See Lopriore v. Raleigh Cardiovascular & Thoracic, Inc.,* No. 5:97-CV-480-BR(2), 1998 U.S. Dist. LEXIS 18636, at *15 (E.D.N.C. Oct. 19, 1998), *aff'd* 28 F. App'x. 284, 289 (4th Cir. 2002) ("The statutory penalty applies only when a plan administrator fails or refuses to comply with a request for documents . . . A request must be in writing in order to trigger the plan administrator's duty to provide to provide the information requested.") (citing ERISA sections 502(c)(1)(B) and 104(b)(4)). Additionally, the written notice must give the plan administrator clear notice of the information the plan participant seeks. *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 655 (4th Cir. 1996) (citing *Anderson v. Flexel, Inc.*, 47 F.3d 243, 248 (7th Cir. 1995) (holding that a request for documents under § 104(b)(4) necessitates a response from an administrator when it gives the administrator "clear notice" of the information sought)).

In this case, Plaintiff alleges that she "requested to receive a summary of the benefits included" with the Plans. (Compl. ¶ 15.) Nowhere in her Complaint does Plaintiff allege that she made a *written* request for the SPD, nor does the Complaint state that she requested a "summary plan description." Significantly, Plaintiff acknowledged in this Court's September 3, 2010, hearing (the "September 3rd Hearing") concerning Defendant's Motion to Dismiss that she did not make a written

request.

Plaintiff argues in her Opposition to Defendant's Motion to Dismiss that her application to receive medical and dental insurance served as the necessary written request to receive a copy of the SPD. Plaintiff's applications for medical and dental insurance, however, were requests for benefit coverage and were not requests for SPDs. *See Pane v. RCA Corp.*, 868 F.2d 631, 639 (3d Cir. 1989) (a "request for coverage was not, however, a request for information within the meaning of [ERISA] section 502(c)."), citing *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 623 (7th Cir. 1987) (request for distribution of trust benefits "does not constitute a 'request for information' for purposes of [ERISA section 502(c)]"). As Plaintiff's applications for insurance do not constitute requests for information under ERISA section 502(c), they cannot serve as the written request necessary to trigger statutory liability.

Moreover, even if Plaintiff's application for medical and dental insurance itself constituted a request for section 502(c) information, that request did not give Defendant clear notice that the Plaintiff sought a copy of the SPD. Plaintiff's enrollment forms do not contain a request to be provided with an SPD, nor do they contain the words "summary plan description" at all.[1] [Dkt. 13, Ex. 1-2.] For section 502(c) statutory remedies

---

[1] Because the Court is evaluating whether each of Plaintiff's proposed counts would survive a motion to dismiss, the Court may consider authentic documents

to apply to an alleged failure to provide an SPD, a plan participant must make a request for an SDP, that request must be in writing, and that written request must give the plan administrator clear notice of the information sought. Plaintiff has not alleged that she made such a request.

### 2. Failure to Provide a Summary Plan Description Upon Commencement of Plaintiff's Coverage

With respect to the second allegation contained in Count I, the question before the Court is whether ERISA provides a statutory remedy for Defendant's alleged failure automatically to provide Plaintiff with the SDP upon commencement of her insurance. ERISA section 104(b)(1)(A) requires the plan administer to "furnish to each [plan] participant . . . a copy of the summary plan description . . . within 90 days after he becomes a participant." 29 U.S.C. § 1024(b)(1)(A). Section 104(b)(1)(A), however, is not one of the ERISA provisions enumerated in section 502(c)(1)(A), which provides the statutory remedy for a plan administrator's failure to automatically provide certain notices. 29 U.S.C. § 1132(c)(1)(A). Because section 104(b)(1)(A)'s requirement that the plan administrator provide the SPD within 90 days is not set forth in section

---

which are integral to Plaintiff's proposed amendments. *See Clark v. BASF Corp.*, 142 F. App'x. 659, 661 (4th Cir. 2005) ("When the plaintiff fails to introduce a pertinent document as part of her pleading, a significant number of cases from throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the affirmative case.") (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice

502(c)(1)(A), ERISA does not provide a statutory remedy for failure to provide an SPD in absence of a written request pursuant to sections 502(c)(1)(B) and 104(b)(4). 29 U.S.C. §§ 1132(c)(1)(B), 1024(b)(4). In the Fourth Circuit, "for the statutory penalties in [section 502(c), 29 U.S.C. § 1132(c)] to apply, [a plaintiff] would have to demonstrate that the defendant[] failed to provide him with documents following his written requests." *Lopriore* 28 F. Appx. at 289 (4th Cir. 2002).

In this case, as addressed above, Plaintiff does not allege in her Complaint that she made a written request for an SPD and acknowledged before this Court in the September 3rd Hearing that she did not make a written request. Rather, Plaintiff argues that Defendant's failure automatically to provide an SPD upon the commencement of her medical and dental insurance is sufficient ground upon which to grant statutory relief under ERISA section 502(c). ERISA section 104(b)(1)(A) requires that an SPD be provided automatically, that is, without written request, within 90 days of Plaintiff's becoming a participant in the Plans. Even accepting as true the allegation that Defendant failed to provide an SPD as required by section 104(b)(1)(A), however, Plaintiff does not state a claim upon which relief can be granted pursuant to ERISA section 502(c). For the statutory remedy in section 502(c) to apply, a defendant

---

and Procedure § 1327 (3d ed. 2004)).

must either (i) fail automatically to provide notice as required by certain ERISA provisions or (ii) fail to provide an SPD upon written request of a plan participant. Here, failure to automatically provide an SPD is not one of the enumerated instances in which such a failure would trigger section 502(c)'s statutory remedy, and, as discussed above, Plaintiff has not alleged she made a written request for an SPD.

For the reasons set forth above, Plaintiff's Count I fails to state a claim upon which this Court could grant relief. The Court will therefore grant Defendant's Motion to Dismiss Count I.

B.  Count V

Count V of Plaintiff's Complaint alleges Defendant failed to provide her an SPD after terminating her employment, in violation of ERISA sections 606(a)(1) and 502(c)(1)(A) and (B). 29 U.S.C. §§ 1166(a)(1), 1132(c)(1)(A)-(B); (Compl. ¶ 79.)

The question before the Court is whether ERISA sections 606(a)(1) and 502(c)(1)(A) and (B) required Defendant to provide Plaintiff the SPD after her termination in the absence of a written request. As discussed above, ERISA section 606(a)(1) pertains to requirements for providing notice of the availability of COBRA continuation coverage and not to SPD disclosure requirements. 29 U.S.C. § 1166(a)(1)  Section 502(c)(1)(A) provides a statutory remedy for a plan administrator's failure

automatically to provide certain notices, though not an SPD, whether before or after termination. 29 U.S.C. § 1132(c)(1)(A). ERISA, therefore, does not provide a statutory remedy for failure to provide an SPD after termination in absence of a written request pursuant to sections 502(c)(1)(B) and 104(b)(4). 29 U.S.C. §§ 1132(c)(1)(B), 1024(b)(4). Recalling the Fourth Circuit requirements of a written request, Plaintiff's claim again fails. *Lopriore* 28 F. Appx. at 289 (4th Cir. 2002).

In this case, Plaintiff does not allege she made a requisite written request to be provided an SPD and acknowledged before this Court in the September 3rd Hearing that she did not do so. Because ERISA section 502(c)(1)(A) does not include an SDP as one of the enumerated ERISA provisions for which there is a statutory remedy for failure to provide automatic disclosure, whether before or after a participant's termination, Plaintiff must have made a written request pursuant to sections 502(c)(1)(B) and 104(b)(4). As set forth above, Plaintiff does not allege she made such a written request. Furthermore, as discussed below with respect to Count VI, Plaintiff's discovery requests served in the 2009 Lawsuit and the instant case itself do not constitute written requests under sections 502(c)(1)(B) and 104(b)(4), as Plaintiff alleges in her Opposition.

For the reasons set forth above, Plaintiff's Count V fails to state a claim upon which this Court could grant relief.

The Court will therefore grant Defendant's Motion to Dismiss Count V.

### B.  Count VI

Count VI of Plaintiff's Complaint alleges that her discovery requests served upon Defendant in the 2009 Lawsuit constitute written requests for purposes of ERISA sections 502(c)(1)(B) and 104(b)(4).  29 U.S.C. §§ 1132(c)(1)(B), 1024(b)(4); (Compl. ¶¶ 78-79.)  Plaintiff's Opposition to Defendant's Motion to Dismiss alleges that this case itself serves as a written request to Defendant to provide the SPD. [Dkt. 12 at 5.]

The question before the Court is whether discovery requests and complaints constitute written requests pursuant to ERISA sections 502(c)(1)(B) and 104(b)(4).  As a court in the Fourth Circuit held, "[c]omplaints and requests for production are not 'written requests (of [plan] administrators)' under the terms of [ERISA Section 104(b)(4)]."  *Harrell v. CNA Ins. Cos.*, No. 4:99-0292-12, 2003 U.S. Dist. LEXIS 27377, at *15 (D.S.C. Jan. 14, 2003), *aff'd*, 2004 U.S. App. LEXIS 1494 (4th Cir. Feb. 2, 2004).

In this case, Plaintiff argues that her discovery request in the 2009 Lawsuit that defendant "turn over the Plaintiff's entire human resources file and . . . entire employment file" constitutes a written request pursuant to ERISA

13

sections 502(c)(1)(B) and 104(b)(4).  Discovery requests, however, are not written requests pursuant to ERISA section 104(b)(4).  Moreover, as discussed above, a section 104(b)(4) written request also must give the recipient clear notice of the disclosure sought.  *Faircloth* 91 F.3d at 655.  Plaintiff's discovery request demanded Defendant provide Plaintiff's "personnel file, including all documents or files relating to her 'official personnel file.'"  [Dkt. 6, Ex. 3 at 6.]  The discovery request does not ask for an SPD, nor does Plaintiff allege in her Opposition that the discovery request did so.  Though, as Plaintiff argues in her Opposition, ERISA documents may be located in her official personal file, a blanket request for an entire personnel file does not put the recipient on notice that what is sought within that file is an SPD, as opposed to any other instrument under which the plan is established or operated.  Thus, even if Plaintiff's discovery request constituted a written request under ERISA section 104(b)(4), it would be insufficient to give clear notice that Plaintiff sought an SPD.

Likewise, Plaintiff argues that this case itself constitutes a written request under ERISA section 104(b)(4).  Complaints, however, do not constitute section 104(b)(4) written requests.  *Harrell*, 2003 U.S. Dist. LEXIS 27377, at *15.  Furthermore, if Plaintiff's Complaint were to constitute a section 104(b)(4) written request, it would be insufficient to give clear notice

that Plaintiff sought an SPD. Though Plaintiff alleges that Defendant failed to provide her with a required SPD, as discussed above, Plaintiff's Complaint does not request that Defendant provide an SPD. Plaintiff's Prayer for Relief requests eight forms of relief, including that Defendant provide Plaintiff with the COBRA election notice she alleges is mandated by ERISA[2], but Plaintiff does not pray that the Court order Defendant to provide an SPD. (Compl. at 18.) A written request cannot provide clear notice to the recipient that an SPD is sought if it does not in fact request an SPD. *Faircloth* 91 F.3d at 655. Thus, even if Plaintiff's Complaint constituted a proper form of written request under ERISA section 104(b)(4), it did not make a request for an SPD at all.

For the reasons set forth above, Plaintiff's Count VI fails to state a claim upon which this Court could grant relief. The Court will therefore grant Defendant's Motion to Dismiss Count VI.

## IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss Counts I, V, and VI of Plaintiff's Complaint.

/s/
September 7, 2010           James C. Cacheris
Alexandria, Virginia    UNITED STATES DISTRICT COURT JUDGE

---

[2] Plaintiff's claims relating to the COBRA election notice are addressed in Counts II-IV of her Complaint, none of which are the subject of Defendant's Motion to Dismiss.